United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LINYU DENG,<br><br>         Petitioner,<br><br>    v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>         Respondents. | No. C 06-7697 SI<br><br>**ORDER GRANTING RESPONDENTS' MOTION FOR REMAND** |

Respondents' motion for remand is scheduled for a hearing on May 25, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing.

**BACKGROUND**

Petitioner Linyu Deng became a lawful permanent resident on May 2, 2000. *See* Hadary Decl. ¶ 14. Petitioner filed an "N-400" Application for Naturalization on July 15, 2003. *Id*. An FBI name check was initiated on August 5, 2003. *Id*. The United States Citizenship and Immigration Services ("USCIS") interviewed petitioner regarding his application on February 20, 2004. *Id*.

On December 15, 2006, petitioner filed the instant "petition for hearing on naturalization application." The petition alleges that USCIS has not adjudicated petitioner's naturalization application because USCIS has not received the results of the FBI name check. Petition ¶ 12. On April 18, 2007, USCIS requested that the FBI expedite petitioner's name check. *See* Hadary Decl. ¶ 14. According to USCIS, as soon as the required security checks are completed, USCIS will adjudicate petitioner's application for naturalization. *Id*.

**DISCUSSION**

8 U.S.C. § 1447(b) provides for judicial review of a naturalization petition in which a decision has not been made within 120 days of examination. That section provides,

> (b) Request for hearing before district court
>
> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section,[1] the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). Courts have determined that the "examination" referred to in this provision is the initial interview scheduled under 8 U.S.C. § 1446. *See U.S.A. v. Hovsepian*, 359 F.3d 1144, 1151 (9th Cir. 2004); *El-Daour v. Chertoff*, 417 F. Supp. 2d 679 (W.D. Pa. 2005). Here, petitioner's initial interview took place on February 20, 2004, more than 120 days before petitioner filed the instant action.

Respondents have moved to remand this case to the USCIS with instructions that the agency adjudicate petitioner's naturalization application promptly after receiving the results of the FBI name check. Petitioner has filed a qualified opposition, requesting that the Court either adjudicate the naturalization petition, or remand to USCIS with instructions to adjudicate the petition "forthwith." The parties also dispute whether petitioner is entitled to seek attorneys' fees and costs in connection with the instant petition.

The Court finds it appropriate to remand this action to USCIS because that agency has considerably more expertise than the Court in adjudicating naturalization petitions. *See generally Ibrahim v. Still*, 2007 WL 841790 (N.D. Cal. Mar. 30, 2007) (discussing process of adjudicating such petitions). Although the Court is sympathetic to petitioner's desire for an adjudication of his application "forthwith," the USCIS lacks authority to grant an application for naturalization until the background checks are completed. *See* 8 U.S.C. § 1446(a). Accordingly, the Court will remand this action to USCIS, with instructions to adjudicate petitioner's application as soon as possible after receiving the FBI name check results.

---

[1] 8 U.S.C. § 1446 addresses the process by which applicants for naturalization are investigated and examined.

Respondents also seek an order directing the parties to pay for their own costs and fees, while petitioner seeks an order requiring respondents to pay petitioner's reasonable attorneys' fees and costs, in an amount to be determined after petitioner is naturalized. The Court finds that petitioner may be entitled to recover fees and costs, and will not preclude petitioner from seeking fees and costs at the appropriate time.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS respondents' motion for remand. (Docket No. 11). The USCIS shall adjudicate petitioner's application for naturalization as soon as possible after the agency receives the results of the FBI name check.

**IT IS SO ORDERED.**

Dated: May 22, 2007

SUSAN ILLSTON
United States District Judge