IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINYU DENG, | No. C 06-7697 SI |
|     Petitioner, | **ORDER DENYING PETITIONER'S APPLICATION FOR FEES** |
|     v. | |
| MICHAEL CHERTOFF, et al., | |
|     Respondents. | |

Petitioner's application for fees is scheduled for a hearing on September 14, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing.

Petitioner requests fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Under that statute, a litigant is entitled to attorneys' fees and costs if: (1) he or she is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees are reasonable. *Id.* § 2412(d)(1)(A); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). Petitioner contends that he is entitled to fees because the United States Citizenship and Immigration Services ("USCIS") adjudicated petitioner's application for naturalization after this Court remanded this case to USCIS "with instructions to adjudicate petitioner's application as soon as possible after receiving the FBI name check results."

The Court finds that petitioner is not entitled to fees because the government has shown that its position was substantially justified. In making this determination, the Court considers the totality of the circumstances to analyze whether the government's position was "reasonable." *League of Women Voters of Cal. v. FCC*, 798 F.2d 1255, 1257 (9th Cir. 1986). Here, the government successfully sought

remand of petitioner's application on the ground that USCIS has more expertise than the Court in adjudicating such applications. The government also explained that the delay in adjudicating petitioner's application was due to the fact that the agency was awaiting petitioner's FBI name check results. The Court recognizes that petitioner's lawsuit likely hastened the processing of petitioner's application. However, as detailed in the government's motion to remand, there are often significant delays in adjudicating naturalization applications due to both the volume of security checks conducted by USCIS, and because USCIS must coordinate with other agencies.

For the foregoing reasons, the Court hereby DENIES petitioner's application for fees and costs. (Docket No. 15).

**IT IS SO ORDERED.**

Dated: September 10, 2007

SUSAN ILLSTON
United States District Judge